UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RACHEL A.,<br><br>                    Plaintiff,<br><br>        v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | CASE NO. 3:25-cv-05315-DGE<br><br>ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS |

Plaintiff seeks review of the denial of the Commissioner of Social Security's denial of her application for Disability Insurance Benefits ("DIB"). As discussed below, the Court REVERSES and REMANDS the Commissioner's decision for further proceedings.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was 53 years old when she applied for disability benefits. Administrative Record ("AR") 70. Plaintiff attended community college for two years, and previously worked as an admitting clerk, a customer service representative, and a janitor. AR 282–283. Plaintiff filed her application for DIB on October 26, 2022, alleging a disability onset date of September

ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS - 1

21, 2020.  AR 22, 212–213.  Plaintiff's application was denied initially and on reconsideration.  AR 22, 95–99, 109–112.  Plaintiff's requested hearing was held before Administrative Law Judge ("ALJ") Howard Prinsloo on June 13, 2024.  AR 37–68.  On September 27, 2024, ALJ Prinsloo issued an order finding Plaintiff was not disabled pursuant to the Social Security Act.  AR 19–36.  On November 19, 2024, the Appeals Council denied Plaintiff's request for review.  AR 6–11.  On April 14, 2025, Plaintiff filed a complaint in this Court.  (Dkt. No. 1.)

## II.   LEGAL STANDARD

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record.  *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).  The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational.  *Ford*, 950 F.3d at 1154.  Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

## III.   DISCUSSION

In Plaintiff's opening brief, Plaintiff raises the following issues: (1) whether the ALJ properly evaluated the opinion of Michelle Maciel, Psy.D,; (2) whether the ALJ properly evaluated Plaintiff's subjective symptom testimony; and (3) whether the ALJ erred by not resolving an alleged inconsistency between the testimony of the vocational expert ("VE") and the Dictionary of Occupational Titles ("DOT").  (Dkt. No. 7.)  Plaintiff asks the Court to remand this case for further proceedings "at the very least."  (*Id.* at 14.)

**A. Medical Opinion Evidence**

Plaintiff contends the ALJ erred in evaluating the opinion of psychologist Dr. Michelle Maciel. (Dkt. No. 7 at 4–8.)

ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, with the two most important factors being "supportability" and "consistency." *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. § 404.1520c(a). Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources. *See id.*; 20 C.F.R. § 404.1520c(c)(1), (c)(2).

Dr. Maciel examined Plaintiff on June 3, 2023. AR 768–771. Dr. Maciel's examination consisted of a clinical interview, a review of the medical records, a test of intellectual functioning, and a mental status examination. AR 768–770. Based on the results of her examination, Dr. Maciel found Plaintiff would not have difficulty performing either simple and repetitive tasks or detailed and complex tasks. AR 770. Dr. Maciel further opined Plaintiff would not have difficulty accepting instructions from supervisors or performing work activities on a consistent basis without special or additional instructions. AR 770. Dr. Maciel stated Plaintiff would not have difficulty dealing with usual stress encountered in the workplace. AR 771.

Dr. Maciel opined Plaintiff would have difficulty interacting with co-workers and the public due to hypervigilance and possible pharmaceutical/alcohol sedation. AR 770. Dr. Maciel further opined Plaintiff would have difficulty maintaining regular attendance and completing a normal workday/workweek without interruptions from a psychiatric condition due to hypervigilance and possible pharmaceutical/alcohol sedation. AR 771.

The ALJ found Dr. Maciel's opinion partially persuasive, reasoning that: (1) the opinion did not assess the degree to which Plaintiff was limited; (2) the limitations assessed by Dr. Maciel were not supported by Dr. Maciel's own examination findings; and (3) the attendance limitations assessed by Dr. Maciel are not consistent with Plaintiff's ability to regularly attend appointments or with the largely normal mental status evaluations in the record.  AR 30.  The ALJ found the limitations included in Plaintiff's residual functional capacity ("RFC"), which restricted Plaintiff to understanding, remembering, and carrying out simple instructions, no more than occasional interaction with the public and co-workers, and no collaborative tasks, were sufficient to accommodate Plaintiff's subjective complaints.  AR 26, 30.

With respect to the ALJ's first reason, the ALJ appears to assert he was unable to include limitations related to Plaintiff's hypervigilance and possible pharmaceutical/alcohol sedation in Plaintiff's RFC because Dr. Maciel's opinion was insufficiently specific concerning the degree of limitation this issue would cause.  Dr. Maciel's opinion does not assess the degree of limitation Plaintiff would have with respect to maintaining regular attendance and completing a normal workday/workweek, for example by using words typically used in such opinions, such as "mild," "moderate," "marked," or "severe."  Nevertheless, the RFC does not appear to incorporate this aspect of Dr. Maciel's opinion at all, for example, by including a limitation concerning time Plaintiff would be off-task, or the number of days per month Plaintiff would miss work due to her impairments.  *See* AR 26–30.

The ALJ's reasoning is problematic because an individual whose impairments created significant attendance issues would likely be unable to perform any work.  During the hearing, the ALJ asked the VE whether the VE could identify any jobs that an individual, who was unable to complete a normal work week or work month without interruption from psychologically based

ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS - 4

symptoms to the extent that the individual would be absent more than two days a month, could perform. AR 66. The VE testified he could not identify a job such an individual could sustain in a competitive labor market. AR 66.

As for the ALJ's second reason, the ALJ stated the limitations assessed by Dr. Maciel were inconsistent with her own examination findings, which revealed Plaintiff to be cooperative, fully oriented, with fair memory and concentration, and of average intelligence. AR 30. A finding that a medical opinion contains internal inconsistencies can serve as a valid reason for discounting it. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999); *see also Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (upholding ALJ's rejection of internally inconsistent medical opinion). Here, Dr. Maciel's findings concerning Plaintiff's hypervigilance and possible pharmaceutical/alcohol sedation are supported by the results of Dr. Maciel's clinical interview, during which Plaintiff asserted she drinks alcohol "excessively" beginning at noon every day, and also consumes marijuana edibles to the point where her tolerance has increased. AR 769. Dr. Maciel's opinion is also consistent with Plaintiff's blunted, sedated affect during the mental status examination. AR 770.

With respect to the ALJ's third reason, the ALJ found the attendance limitations assessed by Dr. Maciel were not consistent with her ability to regularly attend appointments or with the largely normal mental status evaluations in the record. AR 30. Plaintiff's ability to attend doctor's appointments is not a valid reason for discounting Dr. Maciel's opinion concerning Plaintiff's ability to maintain regular attendance and complete a normal workday/workweek without interruptions; the ALJ has not explained how Plaintiff's ability to periodically attend doctor's appointments demonstrates Plaintiff's capacity to maintain regular attendance and be punctual in a competitive working setting. *See Mulanax v. Comm'r of Soc. Sec. Admin.*, 293 Fed.

ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS - 5

Appx. 522, 523 (9th Cir. 2008) (citing SSR 96-8p) ("Generally, in order to be eligible for disability benefits under the Social Security Act, the person must be unable to sustain full-time work – eight hours per day, five days per week."). Moreover, disability claimants "should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Finally, the ALJ cites the "largely normal" mental status examinations in the record, but does not cite any records in particular. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 884 n.2 (9th Cir. 2006) (noting that without a "reference to the record" the court was left to speculate as to the ALJ's reasoning).

Accordingly, the Court finds the ALJ erred in evaluating Dr. Maciel's opinion.

**B. Other Issues**

Plaintiff also contends the ALJ erred in evaluating her symptom testimony and by not resolving an alleged inconsistency between the VE's testimony and the DOT. (Dkt. No. 7 at 3–4, 8–14.) Because Plaintiff will be able to present new evidence and testimony on remand, and because the ALJ's evaluation of Dr. Maciel's opinion may impact his evaluation of the remaining record, the ALJ shall re-evaluate this evidence on remand.

### IV.   REMEDY

Plaintiff asks the Court to remand this case for further proceedings "at the very least." (Dkt. No. 7 at 14.) The Court interprets this as a request to remand this case for an award of benefits.

"The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court." *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). "When the ALJ denies benefits and the court finds error, the court ordinarily must remand to the agency for further

proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Trevizo*, 871 F.3d at 682–683 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). "Even if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler, v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014).

Here, the Court finds the ALJ must re-evaluate the opinion of Dr. Maciel. Accordingly, remand for further proceedings is appropriate.

## V.    ORDER

Based on the foregoing reasons, the Court finds the ALJ improperly discounted the opinion of Dr. Maciel. Accordingly, Defendant's decision to deny benefits is REVERSED and this matter is REMANDED for further administrative proceedings.

Dated this 20th day of October, 2025.

David G. Estudillo
United States District Judge