UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RACHEL A. ARANOWSKI, | CASE NO. 3:25-cv-05315-DGE |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION FOR ATTORNEY FEES (DKT. NO. 15) |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The Commissioner has responded with no opposition to Plaintiff's motion and instead "defers to the Court's assessment." (Dkt. No. 17.)

Under the EAJA, the Court must award attorney fees to the prevailing party in an action such as this unless it finds the government's position was "substantially justified" or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The EAJA creates a presumption that fees will be awarded to a prevailing party. *Flores v. Shalala*, 49 F.3d 562, 567

ORDER GRANTING MOTION FOR ATTORNEY FEES (DKT. NO. 15) - 1

(9th Cir. 1995); *Zapon v. United States Dep't of Justice*, 53 F.3d 283, 284 (9th Cir. 1995). The Supreme Court has interpreted the term "substantially justified" to mean that a prevailing party is not entitled to recover fees if the government's position is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 566 (1992). Attorney fees under EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

If a party obtains reversal and remand in a social security benefits case, they are the "prevailing party" under the EAJA. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001). Thus, Plaintiff is the prevailing party. (*See* Dkt. No. 13, Order Reversing and Remanding for Further Proceedings.) The Court's finding, that the ALJ erroneously evaluated Dr. Maciel's testimony, indicates the ALJ's position was not substantially justified. (*Id.* at 6.) Furthermore, "It is the government's burden to show that its position was substantially justified." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir.2013). Defendant does not argue that the government's position was justified. (Dkt. No. 17.) Therefore, under these circumstances, the Court finds fees should be awarded.

Plaintiff is entitled to "reasonable" fees. 28 U.S.C. § 2412(d)(2)(A). Determining reasonableness "will always depend on case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136, 1137 (9th Cir. 2012). The fee applicant bears the burden of proving reasonableness. 28 U.S.C. § 2412(d)(2)(A); *Hensley*, 461 U.S.at 437 ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.").

Plaintiff applies for an award of $8,272.21, which represents compensation for the time Plaintiff's lawyers and paralegals spent on this action—32.45 hours of attorney work and 1.0 hour of paralegal work. (Dkt. No. 15-1 at 1–2.) *See Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008) (paralegal time is compensable under the EAJA.) Plaintiff provides an itemized statement of the time expended and asserts the hours are reasonable because "(1) each time entry reflects legitimate activity to provide quality service to Plaintiff and to this Court, and (2) Plaintiff's attorney prepared for this Court a substantial opening brief as well as a reply brief." (Dkt. No. 15 at 4.) The hourly rate for Plaintiff's counsel is $251.84; the rate for paralegal services is $100. (Dkt. No. 15-1 at 2.) Thus, Plaintiff's counsel's hourly rate is the statutory maximum hourly rate under EAJA. (*Id.*; *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited January 30, 2026). The Commissioner does not object to this hourly rate or the number of hours that Plaintiff's counsel spent on this case. (Dkt. No. 17.) The Court finds that the requested number of hours is reasonable, and that Plaintiff is entitled to the statutory hourly rate pursuant to the EAJA.

Therefore, it is hereby ORDERED that fees in the amount of $8,272.21 shall be awarded to Plaintiff pursuant to the EAJA. Plaintiff assigned her EAJA fee award to her attorney in the fee agreement. (Dkt. No. 15-2 at 1.) Accordingly, attorney and paralegal fees in the amount of $8,272.21 will be paid to Plaintiff's attorney, subject to verification that Plaintiff does not have a debt which qualifies for offset against the awarded fees, pursuant to the Treasury Offset Program as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010). If Plaintiff has no such debt, then the check shall be made out to Plaintiff's attorney: H. Peter Evans at Evans & Evans, PC, 222 NE Park Plaza Drive, Suite 113, Vancouver, WA 98684. If Plaintiff has a debt, then the check for

ORDER GRANTING MOTION FOR ATTORNEY FEES (DKT. NO. 15) - 3

any remaining funds after offset of the debt shall be made out to Plaintiff and mailed to Plaintiff's attorney's office.

Dated this 2nd day of February, 2026.

David G. Estudillo
United States District Judge